IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MOUNTAIN MARKETING PROFESSIONALS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:04-CV-231 (Jarvis/Shirley) |
| FAIRFIELD RESORTS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to the provisions of 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 50] of the Honorable James H. Jarvis, United States District Judge, for disposition of the Defendants' Motion for Order Compelling Discovery Regarding Richard Winokur [Doc. 26]; Plaintiff's Motion to Compel Discovery [Doc. 41]; Defendants' Second Motion to Compel Discovery [Doc. 42]; Defendants' Third Motion to Compel Discovery [Doc. 47]; Bluegreen Vacations Unlimited, Inc.'s Motion to Quash Subpoena [Doc. 51]; and Bluegreen Vacations Unlimited, Inc.'s Amended Motion to Quash Subpoena [Doc. 63]. The Court conducted a hearing on these motions on December 21, 2005.

**I.    Defendants' Motions for Order Compelling Discovery Regarding Richard Winokur**

The defendants move for an Order compelling discovery regarding the anticipated expert testimony of Richard Winokur. [Doc. 26]. For grounds, the defendants state that at his deposition on August 4, 2005, Mr. Winokur testified that he had never seen the interrogatory response purporting to set out his expert opinion, and that because he had not reviewed any

documents, he was not prepared at that time to render any opinions. The defendants object to Mr. Winokur being used as an expert in this case, and they seek as sanctions the expenses they incurred in deposing him.

The plaintiff advised the Court at the hearing that it no longer intends to call Mr. Winokur as an expert witness.

The Court finds that the deposition of Mr. Winokur was largely a waste of time. While the plaintiff's counsel, Craig Donaldson, had agreed to schedule the deposition of Mr. Winokur on August 4, 2005, he did so knowing, but not advising, the defendants' counsel that Mr. Winokur was not prepared to give a deposition at that time. Mr. Winokur had not reviewed any documents prior to his deposition. During the deposition, Mr. Winokur stated that he had received a "stack" of documents from the plaintiff's counsel the day before and that he had requested still more information. Mr. Winokur further stated that before he could render any opinions regarding the value of the plaintiff's business, he would have to review the documentation and deposition testimony he had requested. Mr. Winokur's deposition, however, was not a total loss to the defendants. He testified as to the formulas and methodology he would use to value the plaintiff's business; he gave an approximate value of the plaintiff's business based on preliminary figures provided by the plaintiff's counsel; and he described his experience in the timeshare industry and as an expert witness. Thus, the defendants were at least able to glean some relevant information from Mr. Winokur.

For good cause shown, the defendants' Motion for Order Compelling Discovery Regarding Richard Winokur [Doc. 26] is **GRANTED** to the extent that the plaintiff shall be prohibited from calling Mr. Winokur as an expert witness. Furthermore, the Court finds that the

plaintiff's attorney's failure to advise the defendants of expert Winokur's lack of preparation for the August 4, 2005 deposition was not conduct either expected or sanctioned by this Court, and to the contrary, was unacceptable and inexcusable. Accordingly, the defendants' request for sanctions [Doc. 26] is **GRANTED**. The plaintiff Mountain Marketing Professional, Inc. and attorney Craig Donaldson[1] shall reimburse the defendants for their airfare and court reporter fees incurred in taking Mr. Winokur's deposition on August 4, 2005.

## II.     Plaintiff's Motion to Compel Discovery

The plaintiff moves to compel supplemental responses to the plaintiff's Request for Production of Documents. [Doc. 41]. For good cause shown and for the reasons stated in open Court on December 21, 2005, the plaintiff's Motion to Compel Discovery [Doc. 41] is **GRANTED IN PART** and **DENIED IN PART**. The defendants have agreed to provide some supplemental documentation by **January 5, 2006**. The plaintiff shall file any remaining objections to the defendants' responses by **January 12, 2006**.

## III.    Defendant's Second Motion to Compel

In the defendants' second motion to compel, the defendants move (1) to compel the production of certain notes taken by Tait Carson, which were designated as a late-filed exhibit to Mr. Carson's deposition; (2) to compel the plaintiff to fully respond to the defendants' Request for Production No. 10, which asks for tape recordings or transcriptions of tape recordings of any conversations involving persons identified by the plaintiff as having knowledge of the allegations

---

[1] Because the Court finds that the plaintiff's other counsel, Thomas Leveille, was not substantially involved in the scheduling of Mr. Winokur's deposition and was not aware of Mr. Winokur's lack of preparation for the deposition, the Court will not assess sanctions against Mr. Leveille.

3

in this case; and (3) to compel the plaintiff to fully respond to the defendants' Second and Third Requests for Production of Documents and the Third Set of Interrogatories. [Doc. 42].

The plaintiff did not file a written response to the defendants' motion. However, at the hearing, the parties announced that they had reached an agreement that the plaintiff would supplement its responses to Requests Nos. 2, 4, 5, and 10 by **January 5, 2006**. To this extent, the defendant's Second Motion to Compel [Doc. 42] is **GRANTED**. In all other respects, the Second Motion to Compel [Doc. 42] is **DENIED**.[2]

## IV.     Defendants' Third Motion to Compel

The defendants move to compel the plaintiff to produce documents reviewed and relied upon by Renee Harwell, a testifying expert identified by the plaintiff in this case. [Doc. 47]. Specifically, the defendants seek (1) Ms. Harwell's engagement letter; (2) her billing records; (3) a list of information that she requested; (4) any notes that she may have taken; and (5) documents regarding comparable sales which Ms. Harwell states that she relied upon in computing her valuations. For good cause shown, the defendants' Third Motion to Compel [Doc. 47] is **GRANTED**. The plaintiff shall be required to produce Ms. Harwell's engagement letter, her billing information, a list of the information that she requested, any notes that she took in preparing her opinions, and any documents that she reviewed regarding comparable sales. Any confidential or private information contained in the comparable sales documents may be redacted prior to production. If the requested documents are not produced, neither the plaintiff nor Ms. Harwell may rely upon such documents at trial.

---

[2]The defendants advised that they just received the plaintiff's responses to the Third Set of Interrogatories and had not had an opportunity to review them. The defendants will promptly advise the Court if these responses are inadequate.

## V. Bluegreen Vacations Unlimited, Inc.'s Motion to Quash Subpoena

Nonparty Bluegreen Vacations Unlimited, Inc. ("Bluegreen") moves to quash the subpoena served by the plaintiff on November 22, 2005. [Doc. 51]. For grounds, Bluegreen argues that the subpoena seeks thousands of documents that were produced several years ago in state court litigation between Bluegreen and the plaintiff. The plaintiff has copies of these documents and seeks to have Bluegreen verify their authenticity. Bluegreen argues that the requested documents contain confidential business information, and that they are subject to a protective order entered in the state court litigation, which prohibits their disclosure outside of that litigation. Bluegreen further contends that the protective order requires the return of these documents to Bluegreen following the close of the state court litigation, but that the plaintiff has failed to do so.

In its amended motion [Doc. 63], Bluegreen argues that the protective order provides that the state court that issued the protective order retains jurisdiction over its enforcement, and therefore, this Court should abstain for involving itself in this discovery dispute until the plaintiff addresses these issues with the Chancery Court for Sevier County.

The plaintiff argues that the documents sought are relevant to the instant litigation and cannot be obtained from any other source. Further, the plaintiff contends, the information sought can be protected by a protective order of confidentiality. Accordingly, the plaintiff argues, the motion to quash should be denied. [Doc. 59].

The Court finds that the requested documents are confidential business records that are subject to a valid protective order entered by the Chancery Court for Sevier County, and that the Chancery Court has retained jurisdiction to adjudicate issues arising under that protective order. Accordingly, any issue as to the production of documents subject to the protective should be

5

addressed to the Chancery Court for Sevier County. Furthermore, the Court finds that the timing of the subpoena is unduly burdensome, in that the subpoena was served shortly before Thanksgiving (November 22, 2005) and required production of these documents on November 30, 2005. Finally, the Court finds that there is no longer any custodian of record with knowledge of these documents who either lives or works for Bluegreen in this district or within 100 miles of Knoxville, Tennessee. For all of these reasons, and for good cause shown, Bluegreen's Motion to Quash Subpoena [Doc. 51] and Amended Motion to Quash Subpoena [Doc. 63] are **GRANTED**.

**IT IS SO ORDERED.**

**ENTER:**

<u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge